IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN LYNN GAMBLE, #590905, ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | 3:09-CV-0567-L |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Div., ) | |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Robertson Unit in Abilene Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case:  Following his plea of not guilty, a jury found Petitioner guilty of a drug offense and sentenced him to fifty years imprisonment, enhanced by two prior convictions. *State v. Gamble*, No. F90-54364 (Dallas Cty. Jul. 11, 1991). Petitioner

unsuccessfully appealed his conviction in 1992. *Gamble v. State*, No. 05-91-00904-CR (Tex. App. – Dallas Oct. 1, 1992, not pet.). In 2002, he was released on parole. When he returned to prison, following his revocation in late 2004, he was informed that TDCJ had forfeited his previously earned good time credits.

On July 7, 2008, Petitioner filed an art. 11.07 application challenging his drug conviction. *See* Attached Judicial Information for No. W90-54364-A. The Texas Court of Criminal Appeals denied the application without written order on March 4, 2009. *See Ex parte Gamble*, No. WR-70,800-03, available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265244 (last viewed Jun. 24, 2008).

On August 7, 2008, shortly after filing the art. 11.07 application, Petitioner filed a federal petition in this court challenging the forfeiture of good time credits following the revocation of his parole. *See Gamble v. Quarterman*, 3:08cv1368-N (N.D. Tex. 2008). On October 6, 2008, the district court dismissed the petition without prejudice for failure to exhaust administrative remedies. *Id.*[1]

Thereafter, on March 26, 2009, the Clerk received the federal petition in this case. Petitioner seeks to challenge his underlying criminal conviction as well as the forfeiture of his good time credits.[2]

---

[1] Since the dismissal of No. 3:08cv1368-N, Petitioner states that he attempted to file an art. 11.07 application challenging the forfeiture of good time credits, but that Dallas County has failed to acknowledge its filing. Thus, it appears that Petitioner's time credit claim remains unexhausted.

[2] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner signed his petition on March 18, 2009. The next day, he obtained a certificate of inmate trust account, which he mailed to this court along with the petition and request for leave to proceed *in forma pauperis*. (*See* Petition at 9, and Motion for

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). Since Petitioner filed this § 2254 action after the AEDPA's April 24, 1996 effective date, his petition is governed by the provisions of that statute. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2068 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Petitioner's unsupported assertion to the contrary are rejected.

The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also* Rule 4 of the Rules Governing § 2254 proceedings (West 2009). In accordance with *Kiser*, the court issued an order on March 27, 2009, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed his response on April 9, 2009.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

Leave to Proceed *In Forma Pauperis*). Therefore, absent additional information, this court deems the petition filed as of March 19, 2009, the earliest possible date on which Petitioner could have mailed it after issuance of the certificate of inmate trust account. Nevertheless, the long delays in this case render irrelevant any benefit of the mailbox rule.

On June 1, 2009, the clerk received a federal petition raising the same claims as the original petition in this case. The clerk filed it as an amended petition. The cover letter, however, reflects that it may have been intended for filing in state court.

3

review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).[3]

Insofar as Petitioner seeks to challenge his 1991 criminal conviction, the court calculates the one-year limitations period under subparagraph (A) from the date his conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Since Petitioner did not file a petition for discretionary review, his 1991 conviction became final on October 31, 1992, thirty days after the Court of Appeals affirmed the judgment of conviction. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997), formerly TEX. R. APP. P. 202(b). Because the above date preceded the enactment of the AEDPA, Petitioner had a one-year grace period, from April 25, 1996, through April 24, 1997, within which to seek habeas corpus relief. *See Flanagan*, 154 F.3d at 199-200 n. 2 and 202 (citing *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)). Petitioner did not file this federal petition until March 19, 2009, almost twelve years after the running of the one-year grace period. Statutory tolling is inapplicable because Petitioner first filed his state habeas application in 2008, long after the expiration of the grace period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if habeas petition is filed after the limitations period has expired). Therefore, all claims related to Petitioner's underlying criminal conviction are time barred absent equitable tolling.

Insofar as Petitioner seeks to challenge the forfeiture of good time credits following his parole revocation, his claim is likewise time barred. In the context of parole-revocation

---

[3] Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C).

proceedings and the resultant loss or denial of various time credits, subsection (D) governs when the limitations period begins to run. *See Heiser v. Johnson,* 263 F.3d 162, 2001 WL 803542 (5th Cir. 2001) (Table, No. 00-14008) (unpublished per curiam); *see also Kimbrell v. Cockrell,* 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Applying subsection (D), Courts have concluded that the very latest date, on which a petitioner could or should have been aware of the loss of time credits is when the Board revokes his parole or shortly thereafter when he returns to TDCJ-CID. *Hill v. Quarterman*, No. 3:06cv409-G; 2008 WL 1904399, *2 (N.D.Tex. 2008) (unpublished); *Biggins v. Dretke,* No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (unpublished).

In this case, Petitioner's parole was revoked during the later part of 2004, and he was recommitted to TDCJ-CID shortly thereafter.[4] Presumably, Petitioner knew, or could have discovered through due diligence, on the date of his parole revocation or shortly after he was recommitted to TDCJ-CID that his good time credits would be forfeited upon his return to TDCJ. According to Petitioner, the parole certificate generally gives a prisoner notice that good time credits will be forfeited upon parole revocation. (Petitioner's Response at 1). Thus, the one-year limitations period began at the latest in January 2005, and closed one year later in January 2006, more than three years before Petitioner filed the federal petition in this case.

Statutory tolling is unavailable. Petitioner filed neither a Time Credit Dispute Resolution with TDCJ, nor a state habeas application challenging the forfeiture of his good time credits.

---

[4] Petitioner provides conflicting dates for his parole revocation date. In response to the court's show cause order, he states his parole was revoked on September 17, 2004, where as in his federal petition, he states it was revoked on December 14, 2004.

Moreover, Petitioner's first federal habeas petition, which challenged the same forfeiture of good time credits, *see* No. 3:08cv1368, does not qualify as a state post-conviction application for purposes of statutory tolling. As such, Petitioner is not entitled to statutory tolling during the time it was pending in this court. *See Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S. Ct. 2120, 2129 (2001) (an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)).

Therefore, all claims (whether stemming from Petitioner's underlying drug conviction or from his parole revocation) are clearly time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that his case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *Id.* With respect to his 1991 conviction, Petitioner delayed filing his state habeas application by more than eleven years after the expiration of the one-year grace period. Petitioner also delayed four years following the revocation of his parole before filing the petition in this case. These unexplained delays – clearly of his own making – do not constitute due diligence or rare and extraordinary

circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the District Court should refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4 of the Rules Governing § 2254 proceedings (West 2009).

A copy of this recommendation will be transmitted to Petitioner.

Signed this 26th day of June, 2009.

                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**